**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Randolph Jack Solo,

Plaintiff,

v.

City of Flagstaff, et al.,

Defendant.

No. CV-26-08178-PCT-MTL

**ORDER**

The Court has considered Defendant's Motion to Dismiss and Plaintiff's response in opposition thereto. No reply brief is necessary. The Court will grant the Motion.

"If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against the defendant . . . ." Fed. R. Civ. P. 4(m). The Court finds that Plaintiff has failed to serve process on Defendant within the 90-day limitation of Rule 4(m), and he has failed to demonstrate good cause for the delay.

Even if the Complaint was timely served, it must be dismissed under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim. A motion to dismiss for failure to state a claim "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court may dismiss a complaint "if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citation modified). To survive a motion to dismiss, a complaint must allege sufficient facts "to state a facially

plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted). Plaintiff has not done so here.

A "public entity," such as Defendant, is "not . . . liable for acts and omissions of its employees constituting . . . [t]he exercise of a judicial or legislative function . . . ." A.R.S. § 12-820.01(A); *see also* A.R.S. § 12-820(6) (defining "public entity" as "this state and any political subdivision of this state"); *Tucson v. Fleischman*, 152 Ariz. 269, 272 (1986) (holding "that cities are political subdivisions within the meaning of A.R.S. § 12-820(6)").

To the extent prosecutors or judges are alleged negligent in the Complaint, they are immune from liability. *See* A.R.S. § 12-820.01(A); *Acevedo v. Pima Cnty. Adult Prob. Dep't*, 142 Ariz. 319, 321 (1984) (en banc). The Court therefore finds that Defendant is immune from suit for the judicial and legislative functions of its prosecutors and judges under A.R.S. § 12-820.01(A).

Moreover, the Complaint fails to allege plausible facts that law enforcement officers were negligent in issuing a citation. *See Quiroz v. ALCOA Inc.*, 243 Ariz. 560, 563–64 (2018) ("To establish a defendant's liability for a negligence claim, a plaintiff must prove: (1) a duty requiring the defendant to conform to a certain standard of care; (2) breach of that standard; (3) a causal connection between the breach and the resulting injury; and (4) actual damages."); *see also Landeros v. City of Tucson*, 171 Ariz. 474, 475 (App. 1992) (holding that, "[a]s far as simple negligence is concerned, . . . the public interest mandates a rejection of" mere negligence actions against police officers).

Finally, the Court finds that, based on the well-pleaded factual allegations, further amendment will not cure the deficiencies in Plaintiff's legal claims against Defendant. This is because prosecutors and judges are entitled to absolute immunity under Arizona law for their official functions. And Plaintiff cannot state a plausible claim for negligence for a law enforcement officer issuing a citation. Allowing Plaintiff an opportunity for further amendment would be futile and prejudicial to Defendant, as it is a public entity with limited financial resources.

. . . .

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Doc. 29) is **GRANTED**. The Complaint is dismissed **WITH PREJUDICE**. The Clerk of Court must enter a judgment of dismissal and close this case.

Dated this 16th day of September, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge